Gray, J.
 

 The first question presented by this case is, as to the validity of the act entitled, “ an act to authorize the business of banking,” passed April 18th, 1838. There has been much diversity of opinion as to the constitutionality of this act; that question, however, has been deliberately passed upon by the court of last resort in this state, and its constitutionality sustained.
 
 (Gifford
 
 v.
 
 Livingston,
 
 2 Denio 380.) The question must, therefore, be regarded as put at rest, by authority binding upon the courts of this state.
 

 The court below was right in overruling the appellants’ motion to impannel a jury for the trial of the issues made by the pleadings. The suit having been commenced in the late court of chancery, was triable by the court, unless, in its discretion, it saw fit to refer the issues to a jury or referee. The code of 1849, under which this cause was tried, required every issue of fact,
 
 *368
 
 in an action for the recovery of money, or of specific real or personal property, to be tried by a jury, and every other issue by the court. (§§ 253-54.) These sections were not made applicable to existing suits, as will be seen by chapter 1 of the act supplemental to the code ; the cause was, therefore, properly heard by the court.
 

 It was also objected, in the court below, that the suPe^or *cour^ jurisdiction of the cause. The record shows that it was transferred to that court, by the order of the supreme court, as authorized by the code. No reason was assigned for the objection, and none occurs to me; and inasmuch as the point was not again raised upon the argument here, it will be regarded as abandoned.
 

 The objection to the competency of one of the judges of the superior court to hear the cause was not well taken; he had no interest in the controversy, and none that could be affected by the result.
 

 It is, at least, doubtful, whether the defences of fraud and usury were well set up by the defendant’s answer; but, however that fact may be, they were not sustained. by the proofs.
 

 Decree affirmed.