HENRY C. OVERING, Respondent, *v.* FREDERICK W. FOOTE, Appellant.

Where the defect appears upon the face of the proceedings, through which title is claimed, and such proceedings must necessarily be proved by the purchaser in any suit to assert his right, there can be no legal cloud upon the owner's title.

A sheriff's certificate of sale for non-payment of taxes is presumptive evidence only of the facts therein contained, and such certificate can legally contain only the facts required by the statute.

Where certain property (rents accruing from perpetual leases) had in 1864, been in fact assessed, but to a person not the owner of the rents, and upon petition duly made to the assessors, the same property was put on the roll of 1865, and assessed to the true owner, and a tax levied upon it for 1864.—*Held*, that such reassessment was legal and valid. *Held* further, that it might be made by the assessors after the time fixed by law for completing their roll for public inspection.

Where the assessors had opened their roll for inspection, in pursuance of notice given by them, and opposite the name of the plaintiff had left a blank which was to be filled up with a description of lands leased by him as soon as they could discover whether any had been released within the year, and where, after the roll was opened, the plaintiff's agent

examined the same, and was informed of the assessors' intention, and he afterward furnished the assessors with a list of plaintiff's property, which was inserted in the roll about the middle of July.—*Held*, that the assessment was regular, and a tax levied thereunder was valid.

(Argued December 15th, 1870; decided January 24th, 1871.)

THIS is an appeal by defendant from a judgment of the General Term of the sixth district affirming the judgment entered upon decision rendered at the Delaware Special Term.

This action was brought to cancel certain certificates of sale, claimed to operate as a cloud upon plaintiff's title to the rents reserved upon certain lands in the town of Stamford, N. Y. The assessors, in the year 1864, assessed the property of the plaintiff, but to a wrong person, and afterward, upon petition duly made to the assessors, it was put upon the roll of 1865, and the assessors petitioned the board of supervisors to insert it in the assessment and tax rolls, and tax it at the same rate as it would have been taxed in 1864, which was done, and both of the petitions attached to the roll of 1865. The property was assessed, and taxed again in 1865. The facts with reference to this last assessment sufficiently appear from the opinion of the court. The interest of the plaintiff was sold under both of these assessments, and certificates of sale issued to the defendant for the canceling of which this action was brought.

*William Gleason,* for the appellants, that as the plaintiff insisted he had no interest the sheriff could sell, the defect appeared on the face of the proceedings, and, therefore, this action could not be maintained. (14 N. Y., 534, 539, 541; 34 N. Y., 480; 43 B., 239; 8 Abb. Dig., 130; 1 id., 593; 2 N. Y., 118; 26 W., 132; 14 N. Y., 534, 542; 16 id., 519; 14 id., 9; 36 B., 49.) That proceedings of assessors and board of supervisors cannot be indirectly attacked. (4 Abb. Pr. R., U. S., 469; 3 Comstock, 463; 48 B., 52; 19 id., 23; 35 N. Y., 463; id., 238; 40 id., 154.) That assessors acted judicially in assessing omitted property in 1865. (35 N. Y., 476; 6 B., 621, 631; 41 id., 207; 19 id.,

22; 24 id., 419, 422; 35 N. Y., 238, 251; 37 id., 513; 3 Den., 120; 4 id., 370; 11 W., 90; 6 Hill, 44; 1 Den., 214.)

*White & Jacobs*, attorneys for the respondent, with *Amasa J. Parker* of counsel, insisted, that certificate is a cloud upon plaintiff's title. (14 N. Y., 9; 5 Paige, 493; 6 id., 262.) That the rents could not be sold by sheriff. (3 R. S., 627, § 4; Code, § 282; 6 Hill, 149; 4 Den., 405; 19 N. Y., 68; Crocker on Sheriffs, 206; Willard on Real Estate, 456; 2 Selden, 467.) That assessment is irregular. (3 Seld., 517; 1 Kernan, 563; 15 N. Y., 316; 23 id., 281.) That every requisite must be complied with. (3 Den., 594; 1 Hill, 130– 141; 40 B., 644; 4 Hill, 76–92; 32 N. Y., 281; 6 Wheat., 119; 4 id., 77; 7 Cow., 88; 7 N. Y., 148; 20 id., 241; 1 East, 64; 39 N. Y., 196.) That warrant of treasurer was void, because it directed sheriff to collect commissions for the treasurer. (S. L. 1846, 466, § 4; 15 N. Y., 512; 14 id., 456.)

By the Court—PECKHAM, J. Action in equity to remove an alleged cloud upon plaintiff's title to rents upon certain lots in Delaware county, caused by the sale of such rents upon a warrant issued by the county treasurer for the non-payment of taxes upon said rents. The defendant was the purchaser at the sale, and had received the sheriff's certificate of sale. The purpose of the action was to declare that certificate void.

Various objections are made by plaintiff's counsel to the validity of the tax upon the plaintiff's rents; and it is insisted, that if the assessment be void for any reason, then this action is sustained; because, it is insisted, that the certificate is *prima facie* evidence, "that the proper preliminary proceedings were had," and hence that the purchaser's title is valid.

This is a mistake. The certificate of a sale like this is presumptive evidence only " of the facts therein contained."

(2 R. S., 379, § 44.)  Such certificate can legally contain only the facts required by the statute, which are :

" 1.  A particular description of the premises sold.  2.  The price paid for each distinct lot or parcel.  3.  The whole consideration money paid.  4.  The time when such sale will become absolute, and the purchaser will be entitled to a conveyance pursuant to law."   (2 R. S., 379, § 42.)

The certificate is not made evidence of any more or other facts than those above stated.  The case at bar is wholly unlike *Scott* v. *Onderdonk* (14 N. Y., 9).  There the deed, executed pursuant to the certificate, recites the prior proceedings, and, in proceedings to obtain possession of the land, is made "*prima facie* evidence of the facts therein recited and set forth."   (Sess. Laws, 1834, p. 108, § 45.)

We know of no statute, and are referred to none, which makes the deed to be executed pursuant to this tax sale certificate (which is the same as a certificate of sale on execution) evidence of the prior proceedings.  Hence the purchaser must prove their existence or his purchase is of no avail. (*Sharp* v. *Spier*, 4 Hill, 76.)

If, therefore, the defect appear upon the face of the proceedings and they must necessarily be presented by the purchaser in any suit to assert his right, there can be no legal cloud upon the owner's title.   (*Scott* v. *Onderdonk, supra*, and cases there cited; *Ward* v. *Dewey*, 16 N. Y., 519.)

The sole point of a bill *quia timet* is to protect the owner against an illegal claim which may in time ripen into a right, and where the evidence of its illegality is easily lost. If lost, the owner's title is also lost.

Hence if these tax proceedings are void upon their face, and the purchaser is bound to produce them to assert his claim, the plaintiff needs no protection.

It is insisted by the plaintiffs' counsel that these rents upon durable leases are not vendible upon this tax warrant, and cases are cited to that effect.  If that be the law, then this action does not lie, as the sale is void upon its face.  So of the claim that the tax is so defectively assessed by the

assessors as to be void, the same answer applies, though we cannot agree to the proposition that they are so defectively assessed. Taking all the papers together, the statute is substantially complied with as to form.

It is insisted that the tax for the year 1864, the year prior to the assessment, was void, because the assessors had no power to reassess for this property, as it had been in fact assessed the prior year, but to a person not the owner of the rents, and also because it was not expressly put down as an assessment for 1864 for omitted assessment. As to the first ground of objection, the case of *Bennett* v. *The City of Buffalo* (17 N. Y., 383) is referred to. There the court held that the power to amend a description of land imperfectly described, and to make out a new tax roll, did not authorize the insertion of a different name as the owner of the land, and thus charge him personally with the tax. That was under the statute of 1848, p. 117, a close case, and sustained by a bare majority of the court. It does not control the case at bar.

This reassessment is made under the act of 1865 (p. 818, §§ 1, 2), which we think is full authority therefor. Whether this act applies to an omission to tax a person for personal property generally, need not be decided. It would be difficult to comply with all of its provisions in reference to such an omission, especially if such omission had also occurred in the year prior to the last. Here the tax is for certain specific property, taxed as personal property; and the fact that it was assessed to a stranger, and not to the owner, the previous year, brings it within the plain purpose and spirit of the law authorizing this assessment. Within the law, that was an "omission in the assessment roll" of 1864. The value of these money rents is fixed by law, and could not be changed by the assessors.

As to the other ground. Looking at the assessment in connection with the petitions to the assessors and to the board of supervisors, annexed to the assessment, and at the action of the board thereon, it does fully appear that this was an assessment for the year 1864 of a tax omitted in that year.

It is further urged, that the omission to perfect the assessment against the plaintiff in 1865 until after notice had been given to the tax-payers that the roll was completed, and not until after the plaintiff's agent, pursuant to such notice, had called and examined the roll and found no tax thereon against his principal, rendered the tax thereafter imposed void.

If this position be well taken, it sustains this bill, because this defect does not appear in the proceedings, and the purchaser would make out a *prima facie* title by this sale, if in other respects valid; and it would then devolve upon the landlord, in order to protect his title, to prove this defect, which, perhaps, after a brief lapse of time, it would be difficult, if not impossible to do.

This position does not apply to the tax imposed for the year 1864, as it plainly appears by the roll itself, in connection with the petition to the assessors, which petition bears date on the 15th of August, that this property for that year was not placed on the roll until on or after the 15th of August, 1865. If void for that cause, therefore, the defect is apparent.

But the statute of 1865 authorizes the assessors to enter such omitted property in the roll of the current year, "whenever it shall appear to them" that it has been so omitted, upon the application of any three tax-payers of the town, etc.; without any special limitation as to the time within which it should be done.

The statute did not intend that this should be done necessarily on or before the first day of August, when the roll is to be open to the inspection of tax-payers. It requires the board of supervisors, upon the petition of the assessors of any town, etc., showing that any property, etc., has been omitted in the assessment roll of the current year, to insert the same in the assessment roll of said town, " at the valuation of the preceding year, and tax the same at the rate per cent of the current year." (Laws of 1865, p. 819, § 2.) The purpose of this law, is to impose upon all such omitted property, whenever the omission is discovered within certain limits, its

just proportion of the burdens of government. To recur to the assessment for 1865. It appears by testimony of an assessor, conceded by the respondent at the trial to be true, and hence a conceded fact, that when the plaintiff's agent called to examine the assessment roll, after the notices were up, that the roll was completed except as to the Overings; " that the assessors had collected data as to the taxable rents to be assessed to them, and agreed upon their values, and they were ready to put in the roll, except that we did not know but that some lots had been sold, on which rents were reserved, and as there had been some difficulty in auditing and paying back to the landlord, the year before, for taxes paid on lots that had been sold, we had the clerk leave blanks in the roll to insert the rents, etc., for the year 1865, assessed to Henry C. Overing, and Mary Overing, until we could procure from their agent a list of all lands sold; in a day or two the agent called, and I explained the matter to him, and to whom we were going to put the assessments *against them on the roll*, as soon as we got the list of sold lots." The next day they procured from the agent a list of the lots sold, repeating to him their purpose, and at once on their return, filled up the blanks and perfected the assessment.

The law requires these assessment rolls to be " completed on or before the first day of August in every year," and the assessors shall make out one fair copy, to be left with one of their number. They shall forthwith give notice thereof, that the assessment roll may be seen until the third Tuesday of August, when they will meet to review their assessment. They must then hear and determine any complaints presented. If they fail to meet for review, any one aggrieved may appeal to the board of supervisors, who are empowered to review and correct assessments. (Laws of 1857, p. 122, § 2; Laws of 1851, p. 333, § 2.)

When the roll is finally corrected and " completed," the assessors shall swear to it, etc., and on or before the first day of September deliver it to the supervisor. (Laws of 1851, p. 334, § 8; 1 R. S., 394, § 27.)

Under the facts of this case, we think the assessment roll was not completed, as to this plaintiff, until the assessors had inserted, in the blanks left for that purpose, the particular rents assessed. As plaintiff's agent saw the roll about "the middle of July," and the blanks were filled within two days thereafter, the roll, as to this plaintiff, was then "complete," and not till then; and the notices by the assessors may be regarded as put up and running from that time, as against this plaintiff.

Here the name of the plaintiff was on the roll, but the particular rents for which alone he was to be assessed were not carried out; but his agent furnished to the assessors a list of the lots from which the rents accrued, for the purpose of assessment. That purpose was expressed and understood by both parties, though the right to assess was denied by the agent.

The list was furnished by the plaintiff, and the valuation was fixed by law. Very little chance for injustice. In this case, although the notices were up, the plaintiff knew, as he says, that the roll, as to him, was not complete. He knew that, as to him, it would be completed upon the day he furnished the list of lots not sold. We do not think this furnishes ground for declaring the assessment void.

Suppose the copy of the assessment, to be left with one of the assessors, was not entirely finished, on the day after the notices were up, and a tax-payer, calling to examine it, finds his name not yet copied thereon, but is told that it will be copied on during the day; is the assessment thereby made void as to him? Has the assessor no power, as to him, to finish the copy? This will scarcely be claimed; yet the case differs very little in principle from this.

In construing the acts of these officers, we should not sacrifice substance to form, nor lose sight of the spirit and purpose of the laws they are required to execute.

It is further urged, that this warrant to the sheriff is void because it required him to collect $25.69 for collector's or treasurer's fees in addition to the tax, and that the trea-

surer had no authority to collect such fees. This defect appears upon the face of the warrant; and if it were therefore void, no title passed by the sale. The warrant is filed of record, and probably the purchaser would be bound to produce it on a trial for the recovery of this rent sold, when its invalidity would appear. (*Doughty* v. *Hope*, 3 Denio, 594.)

But we think the warrant was right, and the fees properly inserted therein. If the collector cannot collect the taxes, he shall so return to the county treasurer, and shall add to the several sums so returned by him five per cent, which shall go to the credit of the county, and "*be collected* with said unpaid taxes." (Laws of 1847, p. 587, § 16.) Whether added to the taxes or inserted as commissions, the result is the same. We think that provision applies to this case.

The judgment is reversed, and new trial granted, costs to abide the event.

All the judges concurring, except ALLEN, J., who did not vote.

Judgment reversed, and new trial ordered.