WILLIAM I. CHASE et al., Appellants, *v.* NELSON CHASE et al., Appellants; JAMES KNOWLES and MARCUS L. STEIGLITZ, Respondents.

When an assessment for a local improvement in the city of New York has been adjudged absolutely void by this court in proceedings by one owner of lands assessed, not by reason of any extraneous fact, or because the statute under which such improvement might have been made had not been complied with in some particular of detail, but because there was no statute giving to the persons who had assumed to direct the improve- ment power to do so, a purchaser from another owner of land assessed may not object to completing his purchase because of the assessment; the judgment is conclusive, as to all litigants and all controversies where the question is presented, that the assessment cannot be regarded as a lien, or in any reasonable view as a cloud upon title.

The provision of the " act relating to certain assessments for local im- provements in the city of New York " (§§ 2, 8, chap. 550, Laws of 1880),

which declares that the assessments therein referred to "cannot be disturbed, modified or vacated," except as therein provided, simply applies to some affirmative judicial proceeding instituted by an owner of property assessed, it does not affect the common-law right of the owner to interpose as a defense against a claim under the assessment that it is absolutely void.

(Argued January 15, 1884 ; decided April 15, 1884.)

APPEALS from orders of the General Term of the Supreme Court, in the first judicial department, the dates of which, and the nature thereof, as well as the material facts, are stated in the opinion.

*Alfred Roe* and *John J. Macklin* for plaintiffs, appellants. It is not sufficient that the assessment is an apparent lien or incumbrance, but it must be shown to be a valid or subsisting lien or incumbrance, which may be enforced against the property. (*Tappan* v. *Young,* 9 Daly, 357.) Any evidence tending to show its invalidity is admissible, and should be considered in determining whether the assessment is a valid lien. (*Tappan* v. *Young,* 9 Daly, 357.) The general rule is that a purchaser at a judicial sale is only entitled to such a title as the purchaser of premises at a private sale would be entitled to receive from his vendor, and he will be required to complete his purchase unless it appears that the title is not free from reasonable doubt, or there is a valid or subsisting lien on the premises in favor of third persons. (*Dunham* v. *Minard,* 4 Paige, 441; *Schriver* v. *Schriver,* 86 N. Y. 575; *Costar* v. *Clark,* 3 Edw. Ch. 575; *Spring* v. *Sanford,* 7 Paige's Ch. 550; *In re Browning,* 2 id. 64; Pomeroy on Cont. [Specific Perf.], §§ 197–203; Waterman on Specific Perf., § 412; *Pangburn* v. *Miles,* 10 Abb. N. C. 42; *Brooklyn Park Commrs.* v. *Armstrong,* 45 N. Y. 248; *In re Prot. E. Church,* 31 id. 574.) The cause from which the doubt arises must be something more than mere speculation, theory or possibility. (Pomeroy on Cont., §§ 202–204; Waterman on Specific Perf., §§ 412, 416; *In re Cavanaugh,* 23 How. Pr. 358; *Jordan* v. *Poillon,* 77 N. Y. 518; 2 Sugden on

Vendors [8th Am. ed.], 577, 580.) Where the title is not objected to, and the objection is that there is a lien or incumbrance on the property, then, to be tenable, it must appear that such lien is a valid or subsisting one. (*Dunham* v. *Minard*, 4 Paige, 441; *In re Prot. E. Church*, 31 N. Y. 574; *Brooklyn Park Comm'rs* v. *Armstrong*, 45 id. 248; *Pangburn* v. *Miles*, 10 Abb. N. C. 42, 46.) The parties here had a right to rely on the decision in *Matter of Deering* (85 N. Y. 1), which involved the same assessment, as the settled law of this State. (*Mechanics' B'k* v. *Dakin*, 8 Hun, 432–3; *Owens* v. *Missionary Society*, 14 N. Y. 380, 412; Pomeroy on Cont., § 202, note 4; *Zink* v. *City of Buffalo*, 6 Hun, 611; *In re Douglass*, 46 N. Y. 42; *Lennon* v. *Mayor*, 55 id. 361; *In re Robbins*, 82 id. 231; *In re Lange*, 85 id. 307–9; *Stewart* v. *Palmer*, 74 id. 183; *Horn* v. *Town of New Lots*, 83 id. 103; *In re Weil*, id. 543, 550; Cooley on Const. Lim. 62, marg. p. 50.) In any such proceeding the invalidity of the assessment must necessarily appear, and be a bar to such proceeding. (*Horn* v. *Town of New Lots*, 83 N. Y. 103; *Astor* v. *Mayor, etc.*, 39 Supr. Ct. 120; *Townsend* v. *Mayor, etc.*, 77 N. Y. 542; *Scott* v. *Onderdonk*, 14 id. 9.) The assessment is not a cloud on the title. (*Stuart* v. *Palmer*, 74 N. Y. 183; *Lennon* v. *Mayor*, 5 Daly, 347; 55 N. Y. 361; *Mayor, etc.*, v. *Ferry Co.*, 9 Hun, 620; *Nichols* v. *Voorhis*, id. 171; 81 N. Y. 153.) In the exercise of its taxing power, the legislature cannot, by a retrospective law, confer jurisdiction or power to do an act where neither jurisdiction or power existed at the time the act was committed. (Cooley's Const. Lim. 472–3, marg. p. 383; *Tefft* v. *City of Buffalo*, 82 N. Y. 204.) Or validate a contract, or bind a party, where he was not before bound. (*N. Y. & O. R. R.* v. *Horn*, 57 N. Y. 473–8; Cooley's Const. Lim. 455, marg. p. 369; *McDaniel* v. *Carroll*, 19 Ill. 226; *People* v. *Lynch*, 51 Cal. 15; Sedgwick on Const. Law [Pomeroy's Notes], 141–3.) Where an act, proceeding or transaction is void and not merely voidable on account of some formal defect, it cannot be cured by legislative action. (*Mayor, etc.*, v. *Horn*, 26 Md. 194.) If a statute

is within the power of the legislature to enact, it is a general rule that unless it admits of no other construction, it is not to be construed as affecting existing rights or remedies, or as divesting existing defenses. (*N. Y. & O. R. R.* v. *Horn*, 57 N. Y. 473, 478; Potter's Dwarris, 162, note 9.) An intention to validate a void act is not to be presumed, but it must, in express terms, be validated. (Dill. on Mun. Corp., § 763; Cooley on Const. Lim. 641–3 [X 518]; *Sharp* v. *Spier*, 4 Hill, 76; Potter's Dwarris, 146; *Berley* v. *Rampacher*, 5 Duer, 183; *Johnson* v. *Burrell*, 2 Hill, 238.) Previous acts of the legislature on the same subject may be examined for the purpose of ascertaining the intention. (*Hassen* v. *City of Rochester*, 6 Lans. 185, 197; 65 N. Y. 516; 67 id. 526; *Newell* v. *Wheeler*, 48 id. 486.)

*James C. Carter* for defendants, appellants. The local improvement which was the foundation of the assessment in question having been undertaken and executed without any legal authority the assessing officers had no jurisdiction to make it, and its absolute invalidity could not be remedied by a mere legislative mandate. (Cooley on Taxation, 223; *Van Rensselaer* v. *Whitbeck*, 49 N. Y. 349; *Cruger* v. *Dougherty*, 43 id. 107; *Newell* v. *Wheeler*, 48 id. 486; *Thompson* v. *Burnham*, 61 id. 52; *Matter of Blodgett*, 91 id. 117; *Brevoort* v. *City of Brooklyn*, 89 id. 128.) The condition that a local improvement cannot be instituted, except in accordance with prescribed law, is not created by the legislature. It is an original and fundamental principle, which the legislature itself must obey. (Cooper on Taxation, 227; *Nat. B'k of Cleveland* v. *Iola*, 9 Kans. 686, 689.) It was the intention of the legislature to limit the affirmative equitable remedy of vacating assessments, whether sought by suit or petition under the act of 1858 (Chap. 338) to equitable principles. (*Bennett* v. *City of Buffalo*, 17 N. Y. 383, 388; *In re Kendall*, 85 id. 302; *Morewood* v. *Corporation of New York*, 6 How. Pr. 386; *Nat. B'k* v. *Pelton*, 103 U. S. 732.) In this, as in all such cases, the question for the court is — "can we see that the

purchaser could never be subjected to hazard by any attempt to assert the outstanding alleged lien." (*Emery* v. *Grocock*, 6 Madd. 54; Pomeroy on Specific Perf. 198; Fry on Specific Perf. 253; *Pyrke* v. *Waddingham*, 10 Hare, 38; *Schriver* v. *Schriver*, 86 N. Y. 575.)

*Henry Gottgetreu* for Marcus L. Steiglitz, respondent. The purchaser at a sale in partition has a right to require a good title, and will not be compelled to complete his purchase and accept a deed which leaves him to the uncertainty of a doubtful title, or to the hazard of a contest with other parties which will seriously affect the value of the property. (*Jordon* v. *Poillon*, 77 N. Y. 519; *Schriver* v. *Schriver*, 86 id. 576; *Lee* v. *Lee*, 27 Hun, 2; *McGowan* v. *Wilkins*, 1 Paige's Ch. 120; *Dobbs* v. *Norcross*, 24 N. J. Eq. 327; *Mott* v. *Mott*, 68 N. Y. 258.) The assessment for regulating Tenth avenue, when confirmed December 20, 1878, by the board of revision and correction of assessments, and its title, with date of confirmation and date of entry duly entered according to law in the record of titles of assessments, kept in the office of the clerk of arrears, became a lien upon the premises. (Chap. 579, Laws of 1853.) A suit will be upheld to remove as a cloud upon title a claim which appears to be valid on the face of the record, and the defect in which can only be made to appear *by extrinsic proof;* so held in the case of an assessment which was illegal and void. (*Crook* v. *Andrews*, 40 N. Y. 547; *Allen* v. *City of Buffalo*, 39 id. 386; *Scott* v. *Onderdonk*, 14 id. 9.) The assessment in question was at least an apparent lien, and a cloud upon the title. (*Deering Case*, 85 N. Y. 1.) It is not a case of "an unconstitutional and void assessment whose invalidity must at once appear whenever it is brought into a judicial focus." (*Horn* v. *Town of New Lots*, 83 N. Y. 104; *Marsh* v. *City of Brooklyn*, 59 id. 280.) It was the duty of the referee to pay such assessment. (*People, ex rel. Day*, v. *Bergen*, 53 N. Y. 404.) Improvements are applicable only to the lands described in the proceeding, and the vacation of assessments as to these lands does not operate to render the assessment for

the whole improvement invalid. (*Matter of Delancy*, 52 N. Y. 82 ; *Pursell* v. *Mayor, etc.*, 85 id. 33.)

DANFORTH, J. The appellants were parties, plaintiff and defendant, in this action, for the partition or sale of certain real estate, which so far as these appeals are concerned may be described as part of the premises intended to be affected by the assessment for regulating, grading, etc., Tenth avenue in the city of New York, from One Hundred and Fifty-fifth to One Hundred and Ninety-fourth street, considered in the *Matter of Deering* (85 N. Y. 1). At a sale had by the referee in pursuance of the judgment in partition, the respondent Knowles became the purchaser of part of the premises known as lot 66, and paid a portion of the price. The respondent Steiglitz also purchased other lots. It was one of the conditions of sale that all taxes and assessments which at the time of sale were liens, or incumbrances, upon the premises should be paid out of the purchase-money. The referee, although requested by the purchasers to pay the assessment above referred to, refused to do so upon the ground that it was void, and therefore not a lien upon the premises. Knowles refused to complete his purchase, and a motion was made at a Special Term to compel him to do so. The matter was referred to a referee, who reported that the assessment was a lien — that Knowles should not be required to complete his purchase, but should be repaid the sum already advanced by him, and his expenses. The plaintiff's exceptions to the report were overruled and the report was confirmed by the Special Term, on the 11th day of March, 1883. Upon appeal to the General Term the order was affirmed on the 1st day of October, 1883, and the referee who made the sale was directed to pay the assessments in question out of the purchase-money.

The purchaser Steiglitz also applied at the Special Term for an order requiring the referee to pay the assessment on his lots. On the 5th of March, 1883, his application was denied and he appealed to the General Term. On the 1st day of June the order was reversed, and the referee directed to pay the

assessment out of the proceeds of sale in his hands.  From the orders of June 1st and October 1st, 1883, appeals are taken to this court.

The question is whether the title offered to the purchaser is such a one as the court in the exercise of its discretion should require him to take.  The only objection urged against it is the assessment.    Unless, therefore, it is a lien upon the property, or in some reasonable view may be regarded as a cloud upon the title, the appeals must prevail.   We held in the case cited (*Matter of Deering, supra*), that the assessment in question was invalid, and put the decision upon the ground that the improvement for which it was laid was unauthorized, and that the officers directing it to be done acted without jurisdiction.  That decision is binding, and we think decisive in favor of the appellants.   It turned upon the point now raised by the respondent, and settled as a rule of law, that the whole assessment was void, not by reason of extraneous facts, nor even because the statute under which such improvements might be made had not in some particular of detail been complied with, but because there was no statute giving to the persons who had assumed to direct the improvement, power to do so.

The city of New York was the party then directly concerned in upholding the proceedings by which the lien now set up is alleged to have been created.   Those proceedings were solely in controversy, and the point adjudged in that case having been deliberately passed upon by the court of last resort in this State, should, therefore, be deemed settled as to all litigants and to all controversies presenting the same question of law. (1 Kent's Com. [12th ed. 541] 475 ; *Palmer* v. *Lawrence*, 5 N. Y. 389.)   The respondent objects, however, that one property owner cannot avail himself of the proceedings instituted by the owners of other property affected by the same assessment. This is true in a certain sense.   (*Matter of Delancey*, 52 N. Y. 80 ; *Purssell* v. *Mayor, etc.*, 85 id. 330.)   He cannot come in and on the foot of a judgment already rendered and to which he was not a party, ask such relief as had been given to the suitor upon whose motion it had been rendered.   His situation

might be very different, and so it is suggested in the *Delancey Case* (*supra*). But where one seeks to enforce an assessment against the property of another, the owner may have the benefit of a judicial finding in respect to it, and when, as in this instance, that declaration is to the effect that the assessment is absolutely void, it cannot be doubted that he would defeat his adversary. Here the fact upon which the quality of the vendor's title depends is the invalidity of the assessment, and in view of the decision in regard to it (*In re Deering, supra*), it may safely be assumed that a trial court would make no error if it directed a jury to find that way. This is said to be a test by which to determine whether a rational doubt exists as to the title. (*Shriver* v. *Shriver*, 86 N. Y. 575.)

But it is argued by the respondent that the right to insist upon the invalidity of the assessment has been lost by lapse of time. This contention is made to rest upon the "act relating to certain assessments for local improvements in the city of New York," passed June 9, 1880. (Laws of 1880, chap. 550.) The assessment in question was confirmed on the 20th of December, 1878, and is, therefore, one which "cannot be disturbed, modified or vacated except in the manner and to the extent provided" in that act. (Laws of 1880, *supra*, §§ 2, 8.) If either of these words describe the result of a successful answer to an effort by the city or other party to enforce the assessment, then it must be conceded that the appeals should fail. We think they do not. They assume the appearance of the property owner before the courts in a different attitude — as a party plaintiff, or as one complaining, and who by appropriate action instigates a court to act affirmatively in his behalf, and through judicial action modify or vacate an assessment.

Such also is the clear inference to be drawn from the language of section twelve of that act. "No existing provision of law," it says, "shall enable or permit any court to vacate or reduce any assessment  *  *  *  otherwise than to reduce it to the extent that the same may be shown by parties complaining thereof," etc. A party who defends upon the ground that the alleged assessment is in fact no assessment — who

asks no favor from the court, but only that legal protection to
which he is entitled, can in no sense be regarded as a party
complaining, or as an actor in the proceedings. As the law
stood before that act, a property owner subject to an unjust
burden of taxation or assessment, might move the court by
appropriate action, or stand upon his legal rights and defend.
(*Lennon* v. *Mayor, etc.*, 55 N. Y. 361.) Both courses were
open to him. So he might have had by statute a certain
equitable or special remedy. (Laws of 1858, chap. 338 ; Laws
of 1870, chap. 383 ; Laws of 1872, chap. 580 ; Laws of 1874,
chap. 312.) He had therefore the opportunity of relief at
common law, and by statute. If he relied upon the latter he
must of course comply with its terms as to time and manner
of proceeding and submit to its conditions. But he was not
bound to rely upon the statute, or take any active measures
for review. In the case of a void judgment even, no one is
bound to appeal, but may resist it and assert its invalidity at
all times. This is a fundamental right. In the absence of
jurisdiction, an order, judgment or other adjudication is a
nullity.

The act of 1880 limited the effect of existing provisions of
law and in terms repealed inconsistent statutes, and declared a
short period of limitation, within which proceedings might be
taken to vacate or reduce assessments. It went no further.
It was evidently aimed at evils tolerated by previous statutes,
and was to incite to diligence the aggrieved tax payer. But it
contains no words designed to take away any common-law
right of defense against the enforcement of a void tax, or to
validate erroneous or void assessments. It cannot be implied
that it was intended to do either; " for it is improbable that the
legislature would infringe rights, or depart from the general
system of law, without expressing its intention with irresistible
clearness." (*United States* v. *Bill*, 2 Cranch, 202; *Bennett*
v. *City of Buffalo*, 17 N. Y. 383 ; *Lennon* v. *Mayor, etc.*,
*supra*.) No such intention can be gathered from the statute.
Notwithstanding its provisions, therefore, the owner of land
cannot be divested of it without his consent, unless by statu-

tory authority strictly pursued, and when it appears as matter of law that such authority is wanting, its apparent exercise cannot be deemed to create a reasonable doubt concerning his title.

We think the appeals well taken; therefore the General Term order of June 1, 1883, is reversed, and the Special Term order of March 5 affirmed, with costs. The General Term order of October 1, 1883, and the Special Term order of March 11, 1883, are both reversed, with costs, the exceptions to the report of the referee sustained, and the purchaser Knowles required to complete his purchase.

All concur.

Ordered accordingly.