CHILCOTT *et al.* *v.* CITY OF BUFFALO.

(*Superior Court of Buffalo, General Term.* November 19, 1889.)

1. TAXATION—IRREGULAR ASSESSMENT—WHEN A DEFENSE.
    Under Laws N. Y. 1880, c. 275, § 9, providing that every assessment made shall ·be presumed valid and regular until the contrary appears, and that its invalidity or irregularity shall not be a defense to any action for its collection, commenced after the expiration of one year from the delivery of the roll, unless an action to test the validity or regularity of such assessment shall have been commenced within the time hereinbefore limited for its commencement, and shall be still pending, or such assessment shall have been adjudged irregular and invalid,—an action to vacate an assessment cannot be maintained after the expiration of a year from the delivery of the roll to the treasurer, even though another person, assessed on the same roll, has procured judgment canceling his assessment.

2. SAME—WAIVER OF OBJECTIONS.
    Under the city charter of Buffalo, title 6, §§ 12, 13, providing that when an assessment roll is delivered to the clerk he shall cause a notice thereof to be published, and, unless objections to the roll be filed within 10 days by some person interested therein, it shall be deemed confirmed, failure to file objections as provided is a waiver of any irregularity in the proceedings upon the assessment.

    BECKWITH, C. J., dissenting.

On demurrer to defendant's answer.

Action by Robert Chilcott and another against the city of Buffalo, to annul an assessment.

Argued before BECKWITH, C. J., and HATCH and TITUS, JJ.

*Giles E. Stillwell,* for plaintiffs. *Frank C. Laughlin,* for defendant.

HATCH, J. The complaint in this action contains three paragraphs, the first of which alleges the ownership by plaintiffs of certain property, giving its location. The second alleges that defendant is a municipal corporation. The third, that heretofore, and in 1885, the common council of the defendant adopted a resolution of intention to pave Hamburg street, in said city, according to certain plans and specifications then on file in the engineer's office; that at the said time there were no plans and specifications, with respect to said pavement, on file in said office; that the said plans and specifications were prepared after the adoption of said resolution by the engineer, but that they were in many respects changed from the provisions of the resolution, and, as finally prepared, bids were advertised for sealed proposals for paving said street; that thereafter proposals were received for doing said work, at a stated price, and that thereupon the common council adopted two resolutions, one of which ordered Hamburg street paved in accordance with the said plans

and specifications, and the other that the expense thereof be assessed upon the real estate benefited by such improvement, in proportion to the benefits resulting thereto; that upon the passage of said resolution the same was taken to the mayor's office, and, he being absent, some person wrote across the face thereof, "Approved August 31st.   MICHAEL CALLIHAN, Acting Mayor;" that said resolutions were not presented to the mayor until September 4, 1885, and were not approved by him until September 14, 1885; that on the 1st of September, 1885, the assessors of defendant completed said roll, and the same was on file in their office, and caused the same to be published, on six successive days in September, in the official paper, commencing on the 2d and ending on the 7th, and on no other days; that in and by said roll plaintiffs' lands were assessed, naming the sums respectively; that said sums included a large part of the cost of building a retaining wall; that said roll was not spread in accordance with the principle laid down in the charter.   It then alleges the manner in which said principle was violated; and that, by reason thereof, plaintiffs and others were injured by being assessed an unjust proportion of the cost of such paving.   It then alleges that the roll is irregular and void, but that upon its face it is apparently regular and valid; that the defendant, its agents and servants, are now proceeding to enforce payment of said assessment; that said property will be sold, and plaintiffs will suffer irreparable injury; that heretofore one John Lyth, assessed upon said roll, commenced an action in the supreme court to set aside said assessment against his property, on the ground that the same was irregular and void; that such proceedings were had; that the cause was tried, and a judgment obtained declaring said roll null and void.   And plaintiffs demand judgment— *First.* "That said roll, and the assessments therein contained, are null and void."   *Second.* "That the defendant, its officers, servants, and agents, be forever restrained from taking any steps towards collecting the same; and that the comptroller be directed to cancel and discharge from the records any and all of such assessments; and for such other and further judgment or relief as to the court shall seem just and right."   It is thus seen that the complaint is based upon two theories—*First,* that the roll is void for certain irregularities, which it specifies; and, *second,* that a judgment has already been obtained, declaring said roll null and void.

The first defense of the answer demurred to pleads a statute of limitations, and has for its basis section 9, c. 275, Laws 1880.   This statute, so far as applicable here, is as follows: "It shall be presumed that every tax levied and assessment made is valid and regular, and that all the steps and proceedings required by law were taken and had, until the contrary shall be made to appear.   *   *   *   The invalidity or irregularity of any tax or assessment shall not be available as a defense to any action or proceeding, commenced after the expiration of one year from the delivery of the roll, as aforesaid, for the collection of the said tax or assessment, or for the enforcement of any right or title, by virtue of any sale thereunder, unless an action or proceeding to test the validity or regularity of such tax or assessment shall have been commenced within the time hereinbefore limited for commencing the same, and shall be still pending, or such tax or assessment shall have been adjudged to be irregular and invalid."   It is thus seen that affirmative actions for relief from an invalid and illegal assessment must be commenced within one year from the delivery of the assessment roll to the treasurer of defendant; and that such irregularity and invalidity may not be availed of as a defense against proceedings, after the lapse of one year, for its enforcement.   Upon the lapse of time occurring, the statute makes the presumption of validity conclusive; but it is excepted from such result in the event that the tax shall be adjudged irregular and invalid.   It may be regarded as the law that affirmative actions to vacate and annul irregular and invalid assessments must be brought within one year after the delivery of the roll to the treasurer, and may not be

maintained after that time by a person affected thereby, even though another person, assessed upon the same roll, and for the same tax, has successfully maintained an action, and procured judgment canceling his assessment. *In re Delancey*, 52 N. Y. 80; *Wilkes* v. *Mayor, etc.*, 79 N. Y. 621; *Moore* v. *City of Albany*, 98 N. Y. 409. Here the allegation of the answer is that more than a year has elapsed since the delivery of the roll to defendant's treasurer, and the time of the commencement of the action. If this allegation be true, then it furnishes a perfect defense to all the allegations of the complaint, wherein it alleges, and seeks to take advantage of, irregularities; and this, even though a judgment vacating certain assessments for the same irregularity has been obtained by another person. If it were true, as claimed by plaintiff, that the only question presented by the complaint is based upon the judgment declaring the roll null and void,—which he seeks to use as a defense against the defendant's efforts to enforce it,—it would present an entirely different question; for, while he may not use such adjudication as a weapon of attack, he may use it for defense. *Chase* v. *Chase*, 95 N. Y. 380. But here the plaintiffs have sought to use the whole, and, in part, to demand affirmative relief based upon alleged irregularities, as to which the statute furnishes a complete defense. It was therefore properly pleaded.

The second defense demurred to alleges that the assessors, as to this particular roll, acted in a *quasi* judicial capacity, and that their determination is in the nature of a judgment, and, consequently, not reviewable in this action, and that, if any irregularities in the proceedings have been committed, they have been waived by the failure of plaintiff, or any person interested, to file objections to said roll, so that the same might have been corrected by the common council; and, in consequence, plaintiffs are estopped from questioning the regularity of the proceedings. The first part of the answer is, perhaps, unnecessary, as defendant could urge it as matter of law, upon the facts appearing in connection with the proceedings; but, as to the last clause, it alleges a fact, viz., that plaintiffs failed to appear at the proper time, and file objections. By section 12, tit. 6, of the charter, it is provided that when the assessment roll is delivered to the clerk he shall cause a notice thereof to be published; and that objections thereto may be filed within 10 days, by any person interested therein. Section 13 provides, if no objections be filed, the roll shall be deemed confirmed. Section 14 provides that if objections be filed the city clerk shall lay the roll, with the objections filed, before the common council, who shall hear the objections, and confirm the roll, or annul it, or refer it back to the assessors, to make a new assessment. Under these provisions, and like ones, it has been held that such failure to appear as provided for was a waiver of any irregularity. *Lyth* v. *City of Buffalo*, 48 Hun, 180. *People* v. *Mayor of Brooklyn*, 4 N. Y. 421–442. It is therefore quite apparent that both defenses demurred to, if true, constitute a complete defense to a portion of the allegations relied upon in the complaint. The demurrer is therefore overruled, with costs.

TITUS, J., concurs. BECKWITH, C. J., dissents.