Howard A. Zeller, J.
Plaintiff has brought this action to recover money damages for the allegedly negligent and wrongful issuance of a marriage license by a Deputy City Clerk of the City of Binghamton.
Defendant city moves for an order granting summary judgment pursuant to CPLR 3212 or in the alternative for an order for judgment dismissing the complaint pursuant to CPLR 3211.
On a motion for summary judgment it is the duty of the court to determine if any question of fact exists and if so to deny the motion. (Crowley’s Milk Co. v. Klein, 24 A D 2d 920; Di Sabato v. Soffes, 9 A D 2d 297.) The court has no power to decide issues of fact on such a motion. On a motion to dismiss the complaint for insufficiency the allegations of the complaint must be deemed true for the purpose of deciding the motion. (Kober v. Kober, 16 N Y 2d 191; Robins v. Finestone, 308 N. Y. 543; Zwirn v. Galento, 288 N. Y. 428.)
Hence, the essential version of events in this decision shall be those recited by plaintiff.
On September 12,1966 plaintiff and one Daniel William Babcock applied at the office of the Binghamton City Clerk for *857 a marriage license. In the course of taking the application by a Deputy City Clerk it was revealed that Mr. Babcock had been the defendant in a divorce action based on adultery brought in Supreme Court, Broome County, New York in 1960. Mr. Babcock then was required to and did provide the Deputy Clerk with a certified copy of the divorce judgment, which forbade the ‘ * defendant to remarry any other person during the lifetime ” of bis former wife, “ except with the permission of the Court.”
Plaintiff’s opposing affidavit herein states that “ At said time and place there was no conversation about whether or not said Daniel William Babcock had applied for or obtained court permission to remarry.” The unverified complaint states that the former wife of Babcock was living on September 12, 1966 and that permission of the court to remarry then had not been obtained by him. An attorney’s affidavit states that he examined the civil files of the Broome County Clerk and found no record of an order permitting Babcock to remarry.
The Deputy City Clerk issued the marriage license and plaintiff and Babcock were married at an announced public wedding on September 17, 1966 and lived together as man and wife until about November 11, 1966 when Babcock allegedly discovered their purported marriage was void. The complaint states that Babcock “ thereupon abandoned plaintiff, left this jurisdiction and has not since that date been seen or heard from or about by plaintiff.”
The first cause of action upon the foregoing recitals is based on an alleged negligent, wrongful and illegal issuance of a marriage license to plaintiff’s damage in the sum of $100,700.
The second cause of action on the same events is based on the allegation that the Deputy Clerk falsely and fraudulently misrepresented to plaintiff ‘ ‘ that there was no prohibition in law against the remarriage of said Daniel William Babcock to plaintiff from and after September 1, 1966 ” and that plaintiff believed and relied on these representations and entered a void marriage to plaintiff’s damage in the amount of $100,700. Plaintiff fails to allege that the Deputy City Clerk knowingly made said misrepresentation or made it with reckless disregard for its truth or falsity. This is an essential element of a cause of action for fraudulent misrepresentation. Its omission renders the second cause of action defective. The second cause of action should be dismissed for failure to state a cause of action. Plaintiff has not asked leave to replead. (CPLR 3211, subd. [e].)
Section 1 of chapter 254 of the Laws of 1966, approved April 27, 1966 did in fact delete from the Domestic Relations *858 Law the requirements of court modification of a prior judgment of divorce prohibiting an adulterous defendant’s remarriage, but section 15 thereof made September 1/1967 the effective date of this change in the law. (See L. 1968, ch. 584.)
Defendant city’s answer and moving papers contend the action is premature as there has been no judicial determination that this marriage in fact was void, and it thus is presumptively valid.
Defendant city further argues the case should not proceed because Daniel William Babcock is a necessary party to the action since only he can testify whether or not he did apply to a Supreme Court elsewhere in the State for permission to remarry and because he further stated bn his application for a license that no legal impediment to his right to remarry existed.
The City of Binghamton also claims it is immune to suit here as, in issuing a marriage license, it is engaging in a purely governmental' and ministerial function involving no discretionary or quasi-judicial determination and is not responsible in law for any alleged negligence or otherwise culpable error in connection therewith.
Also, the city argues that the pertinent statutory prohibition here is against remarriage, not against issuance of a marriage license; thus the license here was not void although the marriage itself might be void, with the total risk of such result falling on the marriage parties.
Finally, defendant city claims that plaintiff was herself negligent in failing to ascertain independently whether Babcock actually had a right to remarry under the circumstances here known to plaintiff. Under section 15 of the Domestic Relations Law there is a clear proscription against issuing a marriage license to those not entitled thereto. The arguments remaining only state some of the basic factual issues in this action.
Defendant’s motion under CPLR 3211 (subd. [a], par. 10) asserts the court should not proceed, because Babcock was not made a party here but is a necessary party in this action. Defendant’s rationale is that Babcock is the only person who can have knowledge of whether he had in fact applied for and received court permission to remarry.
The basis of this asserted issue pertains solely to an evidentiary matter on which Babcock at best could be a mere witness. Babcock is not a necessary party to this action.
' As to defendant’s argument that this marriage is presumptively valid, it not only must be remembered that complaint allegations, and all fair intendments thereof, are deemed true *859 on a motion to dismiss under CPLR 3211 (Kober v. Kober, 16 N Y 2d 191, 193, supra), but also that a void marriage is void from its inception (Domestic Relations Law, § 6) and a judicial decree declaring its nullity is not a present prerequisite here. (McCullen v. McCullen, 162 App. Div. 599; Brodlieb v. Brodlieb, 32 Misc 2d 347; see Stein v. Dunne, 119 App. Div. 1, affd. 190 N. Y. 524.)
Defendant’s point, unsupported by any proof, that Babcock’s former wife might have been deceased on September 17, 1966, rendering this marriage valid, only asserts an issue of fact and is not a defense in bar of this action at this time.
Defendant’s motion to dismiss under CPLR 3211 (subd. [a], par. 1) sets forth a defense based on documentary evidence in the form of the license application itself in which Babcock declared under oath “ that no legal impediment exists as to my right to enter into the marriage state.” It is urged that this averment frees defendant city from liability and relieved the Deputy Clerk from having to inquire further whether in fact Babcock had legally removed the prohibition against his remarriage.
But the language of subdivision 1 of section 15 of the Domestic Relations Law expressly places on the issuing clerk the duty to 11 embody in the statement * * * a statement that no legal impediment exists as to the right of each of the applicants to enter into the marriage state.”
But the validity of this documentary defense essentially rests on the nature of the responsibilities and duties of a clerk issuing a marriage license and to whom lies the duty to discharge them in a proper and careful manner.
These same essential issues also go to the heart of defendant city’s claim of immunity from liability for malperformance of a ministerial and governmental function.
Section 13 of the Domestic Relations Law states in part, ‘ ‘ It shall be necessary for all persons intended to be married in New York state to obtain a marriage license from a town or city clerk in New York state”. Section 14 of the Domestic Relations Law states in part, “ The town or city clerk of each and every town or city in this state is hereby empowered to issue marriage licenses to any parties applying for the same who may be entitled under the laws of this state to apply therefor and to contract matrimony, authorizing the marriage of such parties ”.
Section 15 of the Domestic Relations Law requires a Town or City Clerk on application for a marriage license to require each of the contracting parties to sign and verify a statement *860 or affidavit containing specified vital statistics and grants the Town or City Clerk full power and authority to administer oaths and to examine witnesses under oath as to -any material inquiry pertaining to the issuing of the license.
The same section further provides:
“2. If it appears from the affidavits and statements so taken, that the persons for whose marriage the license in question is demanded are legally competent to marry, the said clerk shall issue such license ”. * * *
3. * * * Any town or city clerk who shall issue a license to marry any persons one or both of whom shall not be at the time of the marriage under such license legally competent to marry without first requiring the parties to such marriage to make such affidavits and statements * * * which shall show that the parties authorized by said license to be married are legally competent to marry, shall be guilty of a misdemeanor and on conviction thereof shall be fined in the sum of one hundred dollars for each and every offense.”
Here the clerk did require Babcock to produce a certified copy of his divorce decree but then allegedly failed to ascertain the true legal import of the prohibition in the Babcock divorce judgment. (See Matter of Alzmann v. Maher, 231 App. Div. 139; Kellogg v. Kellogg, 122 Misc. 734, 737-739; Adelman v. Hubbard, 60 N. Y. S. 2d 387, 388.) To argue, as defendant city does, that conduct necessary to the performance of a mandated function by the Deputy City Clerk was unauthorized by defendant city and beyond the scope of the deputy’s employment is untenable; the power and the attendant duties were there. (Domestic Relations Law, §§ 14, 15.)
Defendant city claims that issuing a marriage license is a nondiscretionary clerical or ministerial act performed solely as a governmental function for a sovereign purpose of the State and, as such, there is sovereign immunity from private suit for any negligence in its issuance. Stated otherwise, defendant city claims the only duty existing here was owed solely to the sovereign State.
Certainly where the facts or circumstances require the clerk to ascertain if a party or the parties applicant are entitled to marry before issuing a license, such a determination and act is both discretionary and ministerial in nature. Once the quasi-judicial function is performed favorably to the applicants the act of issuing the license is clerical or ministerial. (See Matter of Alzmann v. Maher, 231 App. Div. 139, 142, supra; Adelman v. Hubbard, 60 N. Y. S. 2d 387, supra.) But here it pould be found that the ministerial aspect of the clerk’s function was *861 never properly performed because of her failure under the circumstances here revealed to ascertain what the law was and its applicability. (See National Conversion Corp. v. Cedar Bldg. Corp., 23 N Y 2d 621, 627.) Defendant’s legal conclusion that negligence in the performance of a ministerial act is non-actionable does not find support in the law. (Lloyd v. City of New York, 5 N. Y. 389 ; Weiss v. Fote, 7 N Y 2d 579, 585; see Domestic Relations Law, § 15, subd. 3.)
Applicants do have a personal or private right to the issuance of a marriage license when they are entitled thereto (Domestic Relations Law, § 13) and its withholding violates that private right. (See Adelman v. Hubbard, 60 N. Y. S. 2d 387, supra.) And where there is a private right there is a corresponding duty. Nor is it thought that this duty is confined solely to the act of license issuing to those entitled thereto. The reverse of the duty to issue is to withhold issuance of a license to marry when the honest and good-faith statements of the applicants indicate that in fact they are not entitled to marry. Both the positive and negative aspects of this duty readily could be found to be the “ garden variety ”, “day by day operations of government ”, for which public liability lies. (Weiss v. Fote, 7 N Y 2d 579, 585, supra.)
Even purely sovereign or governmental functions once undertaken, can be performed in such a negligent manner as to render a municipality liable. (See Libertella v. Maenza, 16 A D 2d 831; cf. Meistinsky v. City of New York, 309 N. Y. 998.)
Nor do the facts here presently demonstrate any indicia of fraud, concealment, dissemblance or deceit practiced on the issuing license clerk by these applicants. (See Kellogg v. Kellogg, 122 Misc. 734, 737-739, supra.)
To sustain defendant’s motion for summary judgment under CPLR 3212 would require the court to find that on the pleadings and the proof submitted herein a defense has been sufficiently established to warrant the court’s direction of a judgment in favor of the defendant as a matter of law, and a corollary finding that no issue of fact here exists. (Steingart Assoc. v. Sandler, 28 A D 2d 801, 803.) For reasons heretofore stated this court cannot so find. Defendant’s motion for summary judgment under CPLR 3212 should be denied. Defendant’s motion to dismiss the complaint pursuant to CPLR 3211 should be denied as to the first cause of action and granted as to the second cause of action.
This decision only determines that plaintiff is entitled to proceed with this lawsuit and have the factual questions determined by a Judge and jury.