## CATHARINE H. POPE
### *v.*
## ROBERT NORTH.

1. DECREE AGAINST ONE OF SEVERAL DEFENDANTS — *the others not being in court — its effect upon the rights of the latter.* A bill was filed to foreclose a mortgage executed by husband and wife, both being made parties defendant. No summons was issued in the cause, but the husband answered the bill, confessing its allegations. A decree was entered, foreclosing the mortgage, directing the payment of the money, and, in default thereof, a sale of the premises. No default was entered against the wife; she was not in court by service or otherwise; and no notice was taken of her in any of the proceedings subsequent to the filing of the bill. *Held*, that her rights were not at all affected by the decree, and she stood precisely as if the proceeding had never been commenced.

2. PARTIES — ERROR — *who may have a writ of error.* Under such circumstances, her rights not being affected by the decree, there was no error of which she could complain, and she could not bring a writ of error to reverse it.

3. BILL TO REDEEM — *under what circumstances it may be allowed.* And the wife may institute proceedings, after a sale under such a foreclosure, to redeem her interest, precisely as she could had no suit been commenced. If she was the owner of the fee, she could file a bill to redeem at any time. If her interest was a contingent dower interest, dependent on the death of her husband, she might, if she survived him, redeem her interest on the happening of that event.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. E. Y. RICE, Judge, presiding.

This was a suit in chancery instituted by Robert North against Abial Pope and Catharine H., his wife, to foreclose a mortgage executed by the defendants. A decree of foreclosure was entered against Abial alone, the said Catharine not being in court by service or otherwise, and no proceedings being had against her. To reverse that decree she has sued out this writ of error. The questions arising upon the record and the facts upon which they are presented, are sufficiently stated in the opinion of the court.

Mr. JOHN E. ROSETTE, for the plaintiff in error.

Messrs. STUART, EDWARDS & BROWN, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a suit in chancery to foreclose a mortgage executed by plaintiff in error and her husband. The bill was exhibited against both of them, but no summons was issued or service had, but the husband of plaintiff in error filed his answer confessing the truth of the allegations of the bill. A decree was rendered ordering the payment of the money, and in default of payment, that the mortgaged premises be sold. No default was taken against plaintiff in error, nor is there anything in the record, after the bill was filed, to indicate that it was intended to take any steps against her, or in any manner to pass upon or affect her rights. She was not in court by service or otherwise, nor is the decree against her, nor does it in terms or by implication foreclose her rights in the premises. Although she was a

proper party to the suit, as she has suffered no injury, and was in fact not a party to the suit, she has no right to complain of the decree. Had the decree been against her, or had her equity of redemption been foreclosed or otherwise affected, it would have been different. Her situation since the sale is precisely the same as if the proceeding had never been taken to foreclose and sell the premises.

She may institute proceedings now or in the future to redeem her interest, or for the recovery of her rights, precisely as she could have done had the suit not been brought. If she is the owner of the fee she can file a bill to redeem at any time. If her interest is a contingent dower estate, dependent on the death of her husband, at his death, if she survives him, she may then redeem that interest. But not having been made a party to this suit in the court below, she has no right to maintain this writ, and there is no error in this record of which she has a right to complain. The decree of the court is therefore affirmed.

*Decree affirmed.*