Asahel Gage

*v.*

Chauncey C. Starkweather.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

Appeals and writs of error—*whether a freehold involved—on bill to redeem land from tax sale.*  A bill in chancery to set aside a tax deed upon the ground it is without a seal, and so inoperative as an instrument of conveyance, is, in effect, simply a bill to redeem.  A title invalid upon its face does not amount to a cloud.   And while a redemption in such case may ultimately affect a freehold, the question of the right to redeem does not involve a freehold.  So the case can not be brought from the trial court directly to this court for review, there existing none of the other conditions to give jurisdiction.

Writ of Error to the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

On the 9th of May, 1879, Chauncey C. Starkweather filed in the office of the clerk of the Superior Court of Cook county

his bill in chancery against Asahel Gage, and therein, in substance, alleged that he was the owner of lot 37, in Rawson's subdivision of lots, in Bradley and Honore's subdivision of the west half of the north-east quarter of section 14, town 39, range 13, and has been such owner since the 15th day of May, 1875; that said lot was sold to Henry H. Gage for $9.90 on the 9th day of April, 1873, for the State and county taxes of 1871; that said lot was sold to the city of Chicago on the 6th day of November, 1874, for $4.87, for the taxes of 1873; that the lawful time of redemption from the first sale did not end until November 7, 1876, and that Asahel Gage, the assignee of Henry H. Gage, applied for and received from the county clerk, on March 15, 1876, a tax deed to said lot, which was duly recorded; that said deed, as appears by the record thereof, is not under seal, and if the same is now under seal said seal has been affixed since the record thereof, without warrant of law; that said lot was taxed in the name of J. G. Dietz, for the taxes of 1872, 1873, 1874 and 1875; that defendant, Gage, filed with the county clerk, as proof of compliance with the law, first, his own affidavit, reciting that he had published in the "Chicago Daily Courier," on December 7, 8 and 9, 1874, a notice that he had bought said premises April 19, 1873, that they were taxed in the name of J. G. Dietz, and that the time of redemption would expire April 19, 1875; second, the affidavit of E. L. Couch, reciting that he was the agent of Asahel Gage, that the lot was vacant September 2, 1873, and was taxed in the name of J. G. Dietz, that he made diligent search for said Dietz, and was unable to find him, and that he is a non-resident; and third, the certificate of sale assigned by said H. H. Gage to said Asahel Gage, said assignment not being under seal; that in 1873, 1874, 1875 and 1876, the said J. G. Dietz, in whose name the lot was taxed, resided in Chicago, and his name and address appeared in the directory for that year; that said deed is a cloud upon complainant's title, and prevents the disposal

of the same. Prayer for summons to said Gage, and that upon a final hearing the said tax deed may be set aside and declared to be void. Complainant offers to pay the taxes and assessments paid by said Gage, with six per cent interest, as a condition of said relief, and prayer for general relief.

The court overruled the demurrer, and the defendant electing to stand by his demurrer, decree was rendered in accordance with the prayer of the bill. Gage prosecutes the present writ of error to reverse that decree.

Mr. AUGUSTUS N. GAGE, for the plaintiff in error.

Messrs. MASON BROTHERS, for the defendant in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This writ must be dismissed. No freehold is involved, and there is no other ground upon which we can entertain jurisdiction. The bill, in effect, is simply a bill to redeem. The so-called tax deed is alleged in the bill, and admitted by the demurrer, to have been without a seal, and so it is of no effect as an instrument of conveyance. (*Pile* v. *McBratney*, 15 Ill. 314.) Where title is invalid on its face, so that it can never be successfully maintained, it does not amount to a cloud, but may always be repelled by an action at law. (*Overing* v. *Foote*, 43 N. Y. 290; *Ward* v. *Dewey*, 16 id. 519; *Maloy* v. *Dougherty*, 16 Wis. 269; 2 Story's Equity, sec. 700 a.) Necessarily, therefore, a bill to set aside such an instrument as that here alleged and admitted, could not involve a freehold, and although a redemption may ultimately affect a freehold, the question of the right to redeem very clearly involves no freehold. If the right be established, the decree is simply that the party be allowed to redeem, leaving the title just as it is.

The writ of error is dismissed.

*Writ of error dismissed.*