## EDWARD ROBY

### *v.*

## THE SOUTH PARK COMMISSIONERS.

*Opinion filed April 17, 1905.*

1. APPEALS AND ERRORS—*refusal to act on motion does not authorize appeal.* Unless authorized by statute there can be no appeal from the refusal of the court to hear or act upon a motion.

2. SAME—*party cannot appeal from judgment in his favor.* If defendant to a condemnation proceeding moves to dismiss the petition, but the court, instead of considering that motion, dismisses the proceeding upon the written motion of the petitioner, the defendant has no ground for appeal.

3. PRACTICE—*want of jurisdiction of subject matter does not affect right to dismiss suit.* If the court has no jurisdiction of the subject matter of a suit it may dismiss the suit of its own motion or at the suggestion of either party or of a stranger.

4. CLOUD ON TITLE—*cloud on title defined.* A cloud on title is an outstanding claim or encumbrance which, if valid, would affect or impair the title of the owner of the land, and which appears upon the face to be valid but may be shown by extrinsic evidence to be invalid.

5. SAME—*instrument void on its face is not a cloud.* An instrument or proceeding which is on its face plainly illegal or void does not constitute a cloud, and there is no occasion for the interference of a court to nullify or set it aside.

6. SAME—*court of law cannot remove cloud.* In a proceeding to condemn land the court has no jurisdiction to declare the statute and ordinance under which the proceeding was instituted, void, as a cloud upon the defendant's title to the land condemned.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

EDWARD ROBY, *pro se.*

HOLLETT, TINSMAN & SAUTER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant prosecuted this appeal from a judgment of the circuit court of Cook county in his favor, dismissing a petition filed in said court against him and others by appellees to condemn lands for altering or enlarging the park system under the control of appellees, as park commissioners. The appellant assigns as error that the court dismissed the petition on the motion of appellees, instead of quashing the summons and dismissing the petition on his motion.

Appellees, in their petition, prayed the court to ascertain the just compensation to be paid to the several owners and persons interested in the property described therein, to be taken or damaged for altering or enlarging the park system, and appellant was named as one of the owners or persons interested in a part of said property. He was served with summons and appeared and filed his motion to quash the summons and dismiss the petition, assigning as reasons that the acts of the legislature under which appellees were proceeding only authorized them to acquire land contiguous to or abutting on some park, boulevard or driveway under their control, and did not authorize the taking of the lands de-

scribed in the petition remote from any driveway, park or boulevard under their control, and that said acts and the ordinance passed by appellees, a copy of which was attached to the petition, were illegal and void and in conflict with the provisions of the constitution. The motion came on to be heard on June 25, 1904, and the hearing was continued several times until September 19, 1904, when appellant was proceeding to argue his motion and appellees filed a written motion to dismiss their petition. Appellant objected, on the ground that his motion to dismiss the petition was on hearing and should be decided first, and also insisted that appellees were not in court and could not make any motion in the case. The court adjourned the further hearing until September 24, 1904. Appellant then proceeded with the argument of his motion to dismiss, but the court ordered a suspension of such argument and sustained appellees' motion and dismissed the petition. To the decision and judgment appellant duly excepted.

The court refused to act on the motion of appellant, but he could not appeal from that decision for the reason that it did not constitute a final judgment, and the statute allows appeals only from final judgments, orders or decrees. Unless a statute permits it, there can be no appeal from a mere refusal to hear or act upon a motion, but there must be a final order, judgment or decree determining the controversy between the parties and leaving nothing further to be done, to authorize an appeal. (2 Cyc. 586; 2 Ency. of Pl. & Pr. 52.) If an appeal could be taken at all, it would be from the judgment of the court dismissing the petition and terminating the suit, and that judgment was in favor of appellant. One against whom no judgment is rendered or who is not aggrieved by a judgment is not entitled to appeal from it. (2 Cyc. 631; *Pope* v. *North,* 33 Ill. 440; *Hedges* v. *Mace,* 72 id. 472.) Where a party does not obtain all that he sues for, he may appeal from the judgment. But in this case appellant obtained everything that he could have obtained

on his motion, and his only objection is that he did not obtain it on his motion. He insists that he had a right to a decision that the court had no jurisdiction, and that the reasons stated by the court in dismissing the petition were unsound. The only question that can be raised on this appeal is whether the judgment was correct, and if it should be conceded that the reasons given were insufficient, that would be no ground for reversing the judgment. A party is permitted to complain of a judgment, but not of the reasons given for it. *Campbell* v. *Powers,* 139 Ill. 128.

Appellant argues that he had a right to a decision of the question whether appellees have power, in law, to take or damage his property for park purposes, for the reason that the ordinance providing for the alteration or enlargement of the park system and authorizing the proceeding is a cloud on his title, which ought to be removed or annulled. If it were true that the mere existence of an ordinance without an attempt to enforce it could constitute a cloud upon the title, appellant could not have it canceled or removed in this proceeding, since that relief is not within the jurisdiction of a court of law. But the mere fact that an ordinance has been passed, without any attempt to condemn the lands, will not interfere with their use, improvement or disposition, even if the ordinance is apparently legal and valid. Any person owning the land would be entitled to its full cash market value whenever a petition should be filed, in view of existing uses and all uses to which it could be applied. In this case the claim of appellant is that the ordinance, and the acts of the legislature under which appellees assumed to pass it, are void on their face and in conflict with the constitution, and if his position is correct there could be no cloud on his title by virtue of them. A cloud on title is an outstanding claim or encumbrance, which, if valid, would affect or impair the title of the owner, and which appears on its face to have that effect but which can be shown by extrinsic evidence to be invalid. A cloud exists where a title of an adverse party

to land is valid upon the face of the instrument or the proceedings sought to be set aside, and it requires extrinsic facts to show the supposed conveyance to be inoperative and void. (*Reed* v. *Tyler,* 56 Ill. 288.) A cloud is where the claim of an adverse party is valid upon the face of the instrument and it requires the establishment of extrinsic facts to show the supposed conveyance to be invalid. (*Brooks* v. *Kearns,* 86 Ill. 547.) A cloud is a semblance of title, either legal or equitable, or a claim of interest in lands appearing in some legal form, but which, in fact, is unsound. (*Rigdon* v. *Shirk,* 127 Ill. 411.) A cloud upon title is a title or encumbrance apparently valid but actually invalid. (*Goodkind* v. *Bartlett,* 136 Ill. 18; 7 Cyc. 255; 6 Am. & Eng. Ency. of Law,— 2d ed.—147.) Where the title claimed is invalid on its face, so that it can never be successfully maintained, it can never amount to a cloud. (*Gage* v. *Starkweather,* 103 Ill. 559.) In such a case an action based on such invalid claim of title would fall of its own weight, without any proof in rebuttal. If the proceedings on which a claim is founded are on their face totally void, so that any person inspecting the record and comparing it with the law is at once apprised of the irregularity, there is no cloud. (Cooley on Taxation, 542.) If the instrument or proceeding is on its face plainly illegal or void there is no cloud, and there is no occasion for the interference of a court to nullify or set it aside. (6 Am. & Eng. Ency. of Law,—2d ed.—153.)

Appellant further contends that the court could not entertain a motion of appellees to dismiss their petition because they were not in court for want of jurisdiction of the subject matter. If the court had no jurisdiction of the subject matter it could dismiss the proceeding of its own motion, or on the suggestion of either party, or of a stranger. So far as jurisdiction of the persons was concerned the appellees were in court. They had given the court jurisdiction of them by filing their petition, but if they presented a case of which the court had no jurisdiction they could dismiss it and withdraw

from the court. To say that appellees could not dismiss their suit because they were not in court but that they were in court in opposition to appellant's motion, and could never depart from the court until dismissed therefrom on appellant's motion, is a proposition that in our opinion cannot be maintained. There is no judgment against the appellant, but the judgment appealed from is in his favor, and he is in no manner aggrieved or injured by it and is not entitled to appeal from it.

The appeal is dismissed.                    *Appeal dismissed.*