## TABB v. CITY OF MT. PLEASANT.
(No. 3583.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 7, 1928.

Rehearing Denied Jan. 3, 1929.

Seb F. Caldwell, of Mt. Pleasant, for appellant.

832

Hiram G. Brown, of Mt. Pleasant, and W. H. Graham, of Pecos, for appellee.

WILLSON, C. J. The suit was by appellant, Tabb, as plaintiff against appellees O. L. Crigler and the city of Mt. Pleasant as defendants. It was (in effect) to annul (1) certain ordinances adopted by the city providing for the paving of parts of certain of its streets, and (2) a contract covering the construction of such paving, entered into between the city and said Crigler, so far as such ordinances and contract attempted to charge appellant with cost of the paving, and to create a lien to secure the payment thereof on land he owned abutting on one of the streets. The trial was to the court without a jury, and resulted in a judgment denying appellant the relief 'he sought and in appellees' favor for costs.

By terms of the ordinances providing for the construction of the paving and terms of the contract referred to, a specified part of the total cost of the paving was to be paid by owners of land abutting on the streets to be paved, and a part thereof was to be paid by the city. The part of the total costs to be paid by the owners was divided between them, the amount each was to pay being specified. Such amount was to be evidenced by a certificate to be issued by the city against the owner when the paving was completed, requiring him to pay same and 8 per cent. interest thereon, in five equal annual installments. The city's part, to wit, $10,000, was to be paid as provided in 20 warrants for $500 and 6 per cent. interest each, to be issued from time to time as the paving work progressed. The warrants were to be dated November 1, 1927, and were to be payable, the first one on November 1, 1929, and one or more of the others on November 1 of each year thereafter to and including November 1, 1941. It was not shown that any of the certificates or any of the warrants had ever in fact been issued.

We do not think the court below erred when he refused to render judgment annulling the ordinances on the ground that they constituted a cloud on appellant's title to the land he owned (and which he alleged was his homestead) abutting on one of the streets. A court in a proper case has a right to treat an ordinance by a city or town as void and to enjoin the enforcement thereof, but it is without power to cancel such an ordinance. Roby v. Com'rs, 215 Ill. 200, 74 N. E. 125. In this case, if the ordinances were invalid so far as they purported to affect appellant's right, the fact might have furnished a sufficient ground for enjoining the issuance against him of the certificate covering a part of the cost of the paving, and for enjoining the issuance of the warrants provided for in the ordinances, but this suit was not for that kind of relief. His petition contained a prayer for general relief, but did not contain a prayer for relief by injunction. It is held that in the absence of such a prayer a plaintiff is not entitled to such relief. 32 C. J. 334, where many supporting cases are cited, including Boyd v. Dudgeon (Tex. Civ. App.) 192 S. W. 262, Kibby v Leon (Tex. Civ. App.) 241 S. W. 1064, and Hoskins v. Cauble (Tex. Civ. App.) 198 S. W. 629, decided by courts of this state. The case being as stated, we are not called upon to determine the questions presented in appellant's brief as to the validity of the ordinances, for if we concluded they were invalid as claimed, we would not for that reason be authorized to reverse the judgment.

Nor do we think the court below erred when he refused to cancel and annul the contract between the city and Crigler. The mere existence of that contract did not affect any right possessed by appellant. The contract can never affect any right of his unless and until either the certificate to be issued against him, hereinbefore referred to, or one or more of the warrants provided for, has been in fact issued. If neither is ever issued no right of his will be prejudiced. If the issue of either without authority of law is threatened, doubtless appellant, by a proper suit commenced at a proper time and prosecuted in a proper way, can have the issuance thereof enjoined, by such a suit commenced after the issuance of the certificate and warrants, have same canceled.

As we view it, appellant's petition did not state a case entitling him to any of the relief he prayed for. It follows, we think, he has no right to complain of the judgment, and that same should be affirmed. It is ordered accordingly.

On Motion for Rehearing.

If it should be conceded that (because of article 1096, R. S. 1925) this court erred in holding that appellant could not maintain a suit to set aside the ordinances adopted by appellee referred to in the opinion affirming the judgment, a correction of the error would not require a change in the disposition made of the appeal. The difference between the pleadings and facts of this case and those in the case of Simms v. City of Mt. Pleasant, 12 S.W.(2d) 833, decided by this court at the time (to wit, October 18, 1928) this one was decided, is that in this case the assessment was for a greater sum ($1,040.76), and appeared to be against property owned by the appellant, Tabb, which constituted his homestead. The difference does not render inapplicable what was said by Judge Hodges in the opinion overruling the motion for a rehearing in that case. For reasons stated in that opinion and as applicable here, the motion for a rehearing in this case is overruled.