## JONES v. CITY OF UVALDE.
### No. 2365.

Court of Civil Appeals of Texas. Beaumont. March 28, 1933.

Rehearing Denied March 29, 1933.

Atlas Jones, of Uvalde, for appellant.
G. B. Fenley, of Uvalde, for appellee.

WALKER, Chief Justice.

This suit was instituted in the district court of Uvalde county by appellant, Atlas Jones, against appellee, city of Uvalde, a municipal córporation, to annul an ordinance passed by appellee's city council abolishing the offices of city engineer, city attorney, and city treasurer; to establish his right to the office of city attorney of appellee; and for writ of injunction restraining appellee from paying out money to attorneys at law other than appellant for performing the duties of city attorney; and to restrain appellee from collecting charges for water and sewer service, and from collecting its city taxes "until it shall have a treasurer under sufficient bond" to receive and hold the funds thus collected. The appeal is from judgment of the lower court sustaining the general demurrer to appellant's petition. The case is on the docket of this court under order of transfer by the Supreme Court.

■ It is not necessary to state the grounds of appellant's attack upon the ordinance in issue, because no affirmative relief is asked, based upon the invalidity of the ordinance. It is the law that courts have no general power to nullify legislative acts, and can inquire into their validity only to prevent private injury. Simms v. City of Mt. Pleasant (Tex. Civ. App.) 12 S.W.(2d) 833, 834.

■ The petition was insufficient to show that appellant had been elected to the office of city attorney. He alleged that he filed his name with the city council as a candidate for this office, that it refused to print his name on the ticket, and that he requested the voters living within the municipal corporation to write his name on the ticket, and that, at the municipal election duly held on the 7th of April, 1931, 122 voters wrote his name on their tickets as their candidate for the office of city attorney. He failed to allege that he was the only candidate voted for, and that he received a majority of the votes cast for the office of city attorney. If his petition could be construed as an effort to compel the appellee to recognize him as its city attorney, then he was not entitled to the general intendments of his petition, but it was necessary for him to allege affirmatively the facts entitling him to the office, and to negative all facts that would defeat his claim. In

this respect, as stated, the petition was wholly insufficient.

Even if appellant had shown himself entitled to the office of city attorney, he was not entitled to an injunction restraining appellee from employing other attorneys in connection with its litigation. As city attorney, appellant would have the right to appear officially in such litigation, but that would not deprive appellee of the power to employ counsel to assist him. If, as city attorney, appellant was entitled to certain fees of office, the fact that appellee was employing other counsel would not defeat his claim. In this connection, appellant did not pray for any recovery against appellee, but only to restrain it from employing other counsel.

If it be conceded that the ordinance abolishing the office of city treasurer was void, that would not justify appellant in refusing to pay his taxes and the charges due by him to appellee for water and sewerage. There was no allegation that it was the treasurer's duty to collect the taxes and the other charges, but the reasonable intendment of his petition was that other officers and agents of appellee collected the taxes and the water and sewerage charges. It requires no citation of authority to sustain the proposition that these officers could not be restrained from performing their duties because there was no treasurer to receive from them the funds thus collected.

The judgment of the lower court sustaining the general demurrer is in all things affirmed.