TEMPLETON v. WEATHERLY et al.

No. 2480.

Court of Civil Appeals of Texas. Beaumont.

July 7, 1933.

Rehearing Denied July 19, 1933.

McComb & Marsh, of Conroe, for appellant.

Foster, Williams & Nicholson, of Conroe, for appellee.

WALKER, Chief Justice.

This was a mandamus suit by appellant, G. W. Templeton, as relator, against the county judge and four county commissioners of Montgomery county, as respondents, praying for an order commanding them to grant relator's application for the appointment of a deputy constable, made under the provisions of article 3902 as amended by Acts 1931, c. 214, § 2 (Vernon's Ann. Civ. St. art. 3902), and sections 1 and 2 of article 6879a, Vernon's Ann. Civ. St. (Acts 42nd Legislature, 1931, c. 280, §§ 1, 2). While the name of the proposed deputy was given in the application, which was attached as an exhibit to the petition, he was in no way a party to the suit, nor was his name mentioned in the petition, except as it appeared in the exhibit. Relator alleged that a necessity existed for the appointment of a deputy constable, but alleged no facts showing the necessity. It was further alleged that respondents arbitrarily and willfully refused his application. The statement made reflects the substance of the petition. The prayer was: "That defendants be cited to appear and answer herein, that this court take supervisory control of the action of the Commissioners Court of Montgomery County, Texas, in the matter of plaintiff's application for the appointment of a deputy Constable for Precinct No. 7; that the court exercise its authority and correct the abuse of power on the part of said Commissioners Court, and issue a writ of mandamus to said Commissioners Court ordering and commanding them to approve plaintiff's application for one deputy Constable, and upon his taking the oath of office and presenting a good and sufficient official bond ordering the approval by the Commissioners Court of said bond, and such other relief in law and in equity to which he may be entitled."

Upon trial to the court without a jury it was found "that the Commissioners Court of Montgomery County, Texas, found that the plaintiff did need a deputy, but refused to approve and confirm the appointment of the deputy constable named in his application by the constable for personal reasons only." Judgment was entered denying the mandamus, from which relator has duly prosecuted his appeal.

Opinion.

The judgment must be affirmed for the following reasons: (a) The petition for mandamus was fatally defective, in that facts showing the necessity for the appointment of the deputy constable were not alleged. General intendments did not aid the petition. Facts, as distinguished from mere legal conclusions, should have been alleged, showing that relator was entitled to the relief prayed for. Jones v. City of Uvalde (Tex. Civ. App.) 57 S.W.(2d) 1129. (b) Relator's

petition was subject to the construction only that he was praying for an order requiring the commissioners' court to find that a necessity existed for the appointment of a deputy constable. Under the judgment appealed from, the commissioners' court, when it had before it relator's application, determined that very issue in his favor. (c) The deputy constable named in the application was not a party to this litigation. So, if relator's petition be construed as praying for an order compelling the commissioners' court to ratify and confirm the appointment of the deputy constable named in the application, the trial court was without power to grant that relief, since the party named in the application was not a party to the suit, and was asking for no relief under the appointment tendered him by relator.

Affirmed.