**Adelaide M. Thomason, Appellant, v. Chicago Motor Coach Company, Appellee.**

**Gen. No. 38,373.**

Opinion filed April 7, 1936.

Young, Pares & Peterson, of Chicago, for appellant; Thomas J. Young, of counsel.

No appearance for appellee.

Mr. Justice John J. Sullivan delivered the opinion of the court.

On the face of her original statement of claim filed June 12, 1934, plaintiff designated her action "Tort-First Class . . . Claim for $2,000." Defendant filed a special appearance and a motion and petition to dismiss the suit on the ground that under the statute the jurisdiction of the municipal court is limited in actions *ex delicto* for personal injuries to cases in which the damages claimed do not exceed $1,000. Defendant's motion was denied and it thereafter filed an affidavit of merits. April 8, 1935, by leave of court, plaintiff filed an amended statement and affidavit of claim describing her action as "Legal Liability-First Class," · the designation prescribed by the municipal court rules, and increased her claimed damages to $5,000. April 17, 1935, defendant again filed a motion and petition for the dismissal of the cause for want of jurisdiction on the same ground alleged in its prior petition to dismiss. This motion was sustained and judgment entered dismissing the cause at plaintiff's costs. This appeal is brought to reverse the judgment. Defendant filed no brief in this court.

Plaintiff's amended statement of claim alleged substantially that defendant at the time of the accident was operating divers lines of motor coaches on the streets of Chicago as a common carrier of passengers for hire, and that plaintiff at the special instance and request of defendant became a passenger on one of said coaches and paid her fare of 10 cents, whereupon it became the duty of defendant to carry and land her safely; and that defendant failed to use proper care,

skill and diligence in that regard, by reason of which plaintiff was injured.

The sole question presented for our determination is whether the municipal court has jurisdiction of an action by a passenger against a common carrier for hire for breach of the implied contract of carriage where the amount claimed by the passenger for damages for personal injuries exceeds $1,000.

This action was ostensibly brought under sec. 2 of the Municipal Court Act of 1905, as amended in 1931 (par. 390, ch. 37, Cahill's Ill. Rev. Stats. of 1933), which provides, in part, as follows:

"That said Municipal Court shall have jurisdiction in the following cases:

"First: Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, *whether implied in law or implied in fact,* when the amount claimed by plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000)." (Italics ours.) The italicized portion of subdiv. a, as above set forth, was added by an amendment in 1931, the language of this subdivision otherwise remaining unchanged.

In *Chudnovski v. Eckels,* 232 Ill. 312, decided in 1908, where the jurisdiction of the municipal court was questioned in an action brought by a passenger against a carrier for a breach of its implied contract of carriage, resulting in personal injuries to such passenger, and the amount of damages claimed exceeded $1,000, the Supreme Court declared that under subdiv. a, clause 1, sec. 2 of the Municipal Court Act "the Municipal court rightly held that the act conferred jurisdiction of this action."

In *Kellar v. Industrial Commission,* 350 Ill. 390, in passing upon this question, the court said at p. 398:

"In *Chudnovski v. Eckels,* 232 Ill. 312, it was held that the law presumes or implies a contract from the fact of receiving as a common carrier a passenger to

carry for hire, and cases were cited from many jurisdictions recognizing the existence of a contract between carrier and passenger from the mere fact of the relation. The *Chudnovski* case sustains the jurisdiction in the municipal court of an action by a passenger for personal injuries under clause 1 of section 2 of the Municipal Court act, giving that court jurisdiction of all actions on contracts, express or implied, when the amount claimed by plaintiff exceeds $1,000, against a street railway company for breach of the implied contract arising from the plaintiff having got on the street car and paid the sum of five cents, the fare demanded.''

Even though plaintiff designated her original statement of claim as being in tort, in our opinion, the allegations of fact contained therein were sufficient to support an action for breach of defendant's implied contract of carriage with claimed damages in excess of $1,000. In the municipal court it is necessary to state only facts which will sustain the cause of action without alleging the fiction of a promise implied by law. To remove any possible doubt on this subject the municipal court incorporated in its rules of practice as Rule 1 of section 12, the following:

''Rule 1. An erroneous classification of an action shall not affect the validity of an order or judgment therein which is permissible under the facts alleged in the pleading.''

In conformity with subdivision a of clause 1 of section 2 of the Municipal Court Act and with the decisions of our Supreme Court construing same, the following note, which has the same force and effect as a rule, is appended to the aforesaid rule:

''Note to Rule 1. The provision in relation to erroneous classification is designed to cover not only cases where there is a plain misdescription of the character of the action, as, for instance, where it is classified as 'Contract' when it should have been classified

as 'Tort,' or otherwise, but also cases where the facts are sufficient to support both a contract and a tort liability. *Thus, for example, an action brought by a plaintiff against a common carrier for a personal injury through the carrier's negligence while the plaintiff was being carried as a passenger for hire, may be sustained as either a contract or a tort action, and a judgment therein in excess of $1,000 may be sustained though the action is classified as a tort action. The same result would follow in any action for a personal injury where a contract relation existed between the parties."* (Italics ours.)

In the light of the pertinent provisions of the Municipal Court Act and the rules of that court adopted in furtherance thereof, and in view of the fact that the Supreme Court has clearly and unequivocally held that subdiv. a of clause 1 of section 2 of the act confers jurisdiction on the municipal court of a first class action for personal injuries brought by a passenger against a common carrier for hire, the amount of damages claimed being in excess of $1,000, on the theory that an implied contract exists between the parties, it is difficult to understand why plaintiff's right to bring this action or the court's jurisdiction to try it was questioned.

Inasmuch as the trial court erred in dismissing this cause for want of jurisdiction, the judgment order dismissing same at plaintiff's costs is reversed and the cause is remanded with directions to vacate and set aside such order of dismissal and judgment and for further proceedings not inconsistent with the views expressed herein.

*Reversed and remanded with directions.*

SCANLAN, P. J., and FRIEND, J., concur.