Bessie Fine, Appellee, v. Henry Unschuld, Appellant.

Gen. No. 43,104.

Opinion filed December 11, 1944. Released for publication December 27, 1944.

MILTON K. JOSEPH, of Chicago, for appellant.

SAMUEL G. RAUTBORD, of Chicago, for appellee; IRWIN S. BASKES, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The defendant appeals from a judgment in the sum of $2,500, entered on the verdict of a jury. Plaintiff's action was begun April 30, 1942, by filing a statement of claim of fourteen paragraphs, unverified. The substance of the averments made was that defendant had cheated and defrauded plaintiff through misrepresentations upon which she relied, by which $2,500 was wrongfully obtained from her. The statement says defendant falsely alleged that he owned the Paquette Mine situated at Shullsburg, Wisconsin; that he had full knowledge of the operation of the mining project; that he expected tremendous profits to be made from it; that he wished to permit plaintiff to participate in these profits, and if she would invest $2,500 therein he would have a corporation organized and cause to be issued to her 2500 shares of stock of the par value of $2,500; that these representations were false and untrue; that she, relying on the same, on April 17, 1940,

at defendant's request paid to the Denver Equipment Company $1,000 to be applied in payment of a previous purchase of mining equipment to be used in the operation of the mine; that on May 1, 1940, at defendant's request she turned over to him her check for $1,500, payable to him, as trustee; that defendant cashed the check and used the proceeds for his own personal use without regard to her rights; that on May 4, 1940, he organized a corporation known as the Universal Mining and Milling Corporation and delivered to plaintiff a certificate for 25 shares of stock therein; that this corporation was a sham and without title to the mining property.

Paragraph 9 of the statement says: "That the defendant, Henry Unschuld, falsely and fraudulently and for the purpose of deceiving and cheating the plaintiff, represented to the plaintiff that he was the owner of said mine, whereas, in fact, he was not, either at the time of his agreement with the plaintiff, nor at any other time whatsoever, the owner of said Paquette Mine; that the defendant, Henry Unschuld, knew full well, at the time he entered into the agreement with the plaintiff wherein she advanced to the defendant for and on behalf of said proposed mine, that he was not the owner of said mine and that he fraudulently and falsely misrepresented the facts to the plaintiff, in order to induce said plaintiff to advance the money to him for the purpose of carrying on and conducting his fraudulent and dishonest schemes."

The 12th paragraph alleges: "That the defendant, Henry Unschuld, wilfully and maliciously and with the intent and purpose of cheating, deceiving and defrauding the plaintiff herein, made the statements, allegations and representations as hereinabove set forth, and the plaintiff, relying on said statements and representations thereby was defrauded by the defendant of the sum of $2500.00."

The 14th paragraph avers: "That the defendant, Henry Unschuld, deceitfully, wrongfully and fraudu-

lently and by reason of his cunning, scheming and artifice, wrongfully deprived the plaintiff of the sum of $2500.00, to the damage of said plaintiff in said sum of $2500.00, with interest thereon at the rate of 5% per annum from April 17, 1940 on the sum of $1,000.00, and from May 1, 1940, on the sum of $1500.00.''

The defendant answered denying all fraud and each paragraph.

The cause was tried by a jury. At the close of the evidence the trial judge, at the request of plaintiff, submitted to the jury this special interrogatory: ''Was the defendant, Henry Unschuld, guilty of wilful, malicious and fraudulent conduct in this case and was malice the gist of the action?'' The jury answered, ''Yes.'' The jury also returned a verdict that defendant was ''guilty as charged in statement of claim'' and assessed plaintiff's damages at $2,500.

On motion of plaintiff the verdict and judgment was amended to read as follows:

''Jury returns verdict and verdict read in open Court. Verdict was that defendant, Henry Unschuld, was guilty of willful, malicious and fraudulent conduct as charged in Statement of Claim. The Jury also reported that in answer to the interrogatory, 'Was malice the gist of the action? Answer—Yes.' Judgment on finding and verdict defendant Henry Unschuld guilty as charged in Statement of Claim, and assessed damages in sum of $2500.00 in tort. Judgment on verdict against defendant, Henry Unschuld, for $2500.00 and costs and finding especially that malice was the gist of the action, and it is further ordered that body execution issue against the defendant, Henry Unschuld.''

There were motions for a new trial and in arrest of judgment, both of which were denied. From that judgment the defendant brings this appeal.

It is contended for reversal that the municipal court of Chicago was wholly without jurisdiction to hear the

cause; that the verdict and judgment are against the greater weight of the evidence; that in the municipal court of Chicago a judgment directing a body execution issue must be supported by an allegation in the statement of claim that malice is the gist of the action and that a body execution is sought, of which the record here is barren; that the answer of the jurors to the special interrogatory was not signed by them; that evidence received over defendant's objection was inadmissible, and that the jury was improperly instructed as to the law applicable. It will be necessary to discuss only the first point.

The statement of claim, which we have set forth, and the judgment entered show that this action was essentially one for fraud and deceit, in which damages of $2,500 were claimed.

Section 2 of the Municipal Court Act, which defines the jurisdiction of that court in first class cases, is as follows:

"Sec. 2. That said municipal court shall have jurisdiction in the following cases:

"First. Cases to be designated and hereinafter referred to as cases of the first class, which shall include (a) all actions on contracts, express or implied, whether implied in law or implied in fact, when the amount claimed by the plaintiff, exclusive of costs, exceeds one thousand dollars ($1,000); (b) all actions for the recovery of personal property and all proceedings for the trial of the right of property when the value of the property sought to be recovered or the right to which is disputed, as claimed by the plaintiff, exceeds one thousand dollars ($1,000)."

This section of the statute was construed by the Supreme Court in the case of *Malina v. Oplatka,* 304 Ill. 381, and the Supreme Court said:

"There is no express or implied power given to the Municipal Court to try actions in tort . . . where

the damages claimed exceed $1000.00, and it is a well settled rule that where the court does not have jurisdiction of the subject matter of a lawsuit the same cannot be conferred upon it by agreement or action of the parties. . . . The form of action is to be determined by the pleadings. In this case as we have seen, the praecipe was for a summons in trespass on the case. In the statement of claim defendant in error sets out damages to his real estate and the building thereon. At the trial of the case counsel for plaintiffs in error requested the attorney for defendant in error to state whether or not the action was in contract or trespass. Counsel for the defendant in error replied that the action was trespass on the case. The decision of the Court was that there was no contractual obligation on the part of the plaintiffs in error that had been violated and that if there was any liability such must be based on some violation or disregard of some duty which defendants owed the plaintiff or upon some negligence or carelessness on the part of the defendants. . . .

"Counsel for the defendant in error contends, and cites numerous authorities in support of the argument, that the particular injuries in this case are such as might be sued for either in contract or in tort. Conceding that this be true but not deciding the question, defendant in error sued in tort, and having elected to pursue his remedy in a court that had no jurisdiction of the subject matter he is not aided by the fact that he might have started some other cause of action. The affidavit of claim states a cause of action in tort. The case was tried and the judgment was entered on the theory that the matters involved were *ex delicto*. . . . We are of the opinion that the municipal court had no jurisdiction of the subject matter and that its judgment was therefore void."

It is quite true that this objection was not made by defendant in the trial court, but the law is that notwithstanding the objection that the court is without jurisdiction of the subject matter may be raised at any time and in any court. *Roby v. South Park Commissioners,* 215 Ill. 200; *Rice v. Bogart,* 272 Ill. App. 292; *People v. Industrial Savings Bank,* 275 Ill. 139. The plaintiff, however, says that this cause of action arose out of an agreement between the parties and that it, therefore, comes within the provision of section 2. In support of her contention plaintiff cites *Arnold v. Dodson,* 193 Ill. App. 62, affirmed in 272 Ill. 377; *Chudnovski v. Eckels,* 232 Ill. 312, and *Thomason v. Chicago Motor Coach Co.,* 284 Ill. App. 593. The cases cited do not sustain the proposition. In *Arnold v. Dodson* the plaintiff purchased corporate stock from the defendant and paid him for the same $3,150. Suit was begun on the theory that she was induced to make the purchase by false representations of defendant. She sued to recover the money she had paid and the court held, as the opinion states, that a person thus defrauded might "rescind the contract, return the consideration, waive the tort and sue in assumpsit." This the plaintiff there did; this the plaintiff here did not. The distinction is vital and controlling. The *Chudnovski* and *Thomason* cases are also unlike this case in that both were suits by passengers against a public carrier for breach of contract arising out of personal injuries, and the suit was based upon the implied contract of the carrier to carry the passenger safely. It was alleged that it negligently failed to do so and that as a result of its negligence the plaintiffs were injured.

We hold the court was wholly without jurisdiction of the subject matter, and for that reason the judgment will be reversed without discussing the facts in detail, since possibly plaintiff may wish to secure redress in a court which has jurisdiction to give her a

remedy. For the reason stated the judgment will be reversed.

*Reversed.*

NIEMEYER, P. J., and O'CONNOR, J., concur.