**Hertis BABER, Individually and d/b/a Burkburnett Communications, Appellant,**

v.

**Brack PRESTON, Mayor, et al., Appellees.**

**No. 18281.**

Court of Civil Appeals of Texas, Fort Worth.

June 19, 1980.

Rehearing Denied July 17, 1980.

Saner, Jack, Sallinger & Nichols, Dallas, Roy T. Sparkman, Wichita Falls, J. Stanley Knight, Dallas, for appellant.

Cantey, Hanger, Gooch, Munn & Collins, and S. G. Johndroe, Jr., Fort Worth, for appellees.

Donald E. Short, Wichita Falls, for intervenor/appellee TC Cable of Burkburnett.

OPINION

MASSEY, Chief Justice.

We affirm a take nothing judgment in this case, which for purposes of appeal were resolved into a suit for declaratory judgment.

Background: In mid-year 1978 the City of Burkburnett, Texas, a Home Rule City, determined it to be advisable to take measures to provide a community antenna television system. Pursuant thereto it was deemed advisable to determine and contract with a franchisee for the supply of the service. Among those who sought to obtain such franchise was Hertis Baber, a resident, who either was already engaged in the cable television business or proposed to engage therein.

In the accomplishment of purposes such as above, and involving the grant of a franchise by a municipal corporation, there was necessity for the City to act through its ordinances. To accomplish the grant of a franchise for the supply of the service there was necessity for the City to enact an ordinance in connection with a grant and con-

tract with a franchisee. In the doing the City was obliged to conform with the provisions of law as embodied in applicable statutes and with the provisions of its own charter. It was in attempted conformity that the City did act and eventually passed an ordinance by which there was selection and contract with a franchisee other than Baber in his business as Burkburnett Communications. This was Ordinance 354.

There is grave question of the validity of such ordinance, a matter made the subject of complaint on appeal. We do not need to settle the question of the validity for reasons to be later stated. Anyway, following came a referendum election held under the provisions of Tex.Rev.Civ.Stat.Ann. Title 28, "Cities, Towns and Villages", art. 1181, "Franchises" (1963), to determine the public preference on the question of granting the franchise provided by the ordinance. By the result of such election the majority of the votes cast were in favor of the City's franchise ordinance theretofore enacted.

It was at this point that suit was brought by Baber, individually and d/b/a Burkburnett Communications, as against the City's mayor, and as against the election judge. The initial prayer for relief was that the District Court order a recount of the ballots cast at the referendum election; that there be declaration of the illegality of the votes cast at the election by persons who were not residents in the City of Burkburnett, etc. Nothing other than attack upon the validity of the election process and upon the result of the election was made the subject of such prayer. Later, by an amended original petition, the identical prayer for relief was re-stated.

Subsequently, by instrument denominated "Plaintiff's First Supplemental Petition", was prayer for relief, as follows: "WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court hold and declare that Ordinance 354 is void and of no force and effect for failure to properly notify the public that such ordinance would be considered on May 22, 1978; that such ordinance was not considered or 'read' on June 26, 1978 because of the conflict of interest of Commissioner Lax and that such ordinance is therefore void for failure to read at three regular meetings; that such ordinance is void because it was not 'read in full' at three regular meetings; that such ordinance is void for failure to provide those provisions required by the Charter of the City of Burkburnett and for such other and further relief, at law and in equity, to which Plaintiff may be justly entitled."

The foregoing was the state of the prayer(s) for relief stated by the Burkburnett Communications' pleadings at time the case was tried. Suffice it be to state that pursuant to the trial held before the court the findings upon which the judgment was rendered went against the contentions of Burkburnett Communications on the matter of election contest. Therefrom it chose not to appeal. In other words, there is no complaint on the appeal in any way related to any invalidity or impropriety in either the referendum election or its outcome. The recitations of the judgment decree were all made relative to the election contest and nothing further, unless by the statement included therein that "all relief not specifically granted is herein denied."

In the First Supplemental Petition, from which we have copied prayer, were allegations in attack upon the validity of Ordinance 354 because of the impropriety of procedure by which it was purportedly enacted. However, at no time was there any prayer for relief because thereof save for the "declaration" by the trial court that it was void for one or more of the reasons stated in the Supplemental Petition. The proof was rather well developed as applied to the questions upon impropriety in procedure pursuant to which the ordinance was passed so that if there was necessity we would be obliged to make the tests in resolution of any question of its validity.

■ However, with obviation of any complaint of the election and the case on appeal to be treated as though there was never any election, and with the case treated as one where there was attack made only

upon the validity of the ordinance, we see no difference in the position of Mr. Baber, d/b/a Burkburnett Communications, than some other person who might have a casual interest in who should be the franchisee. In the case of the latter his interest would not, in law, be considered to have been adversely affected because the City had acted in a way other than he might have preferred; as applied to Burkburnett Communications we readily observe that Mr. Baber might have, but did not, present himself as legally adversely affected. There would be no occasion to distinguish between the two. This is so because Burkburnett Communications (Baber) did not request anything other than declaratory judgment, and such a request—with nothing more— does not qualify as a demand for affirmative relief. Only if a party presents himself as so qualified would there be entitlement for him to seek relief on appeal because of the denial of such by the trial court.

On the instant appeal we need not decide the question of validity of the ordinance sought to be questioned by Burkburnett Communications. On this no justiciable controversy was brought forward from the trial court. The election contest (lost by Burkburnett Communications) was not brought forward on the appeal. A proper construction of the maximum relief for which there was any applicable prayer was that there be a declaratory judgment that the ordinance was void. Only by speculation might we assume that judgment such as that desired would benefit Burkburnett Communications; for us to hold as it desires would not occasion reversal that Burkburnett Communications might then litigate any question actually shown to exist, or to settle and dispose of any right upon which it had declared.

That written for the Court in *Tabb v. City of Mt. Pleasant*, 12 S.W.2d 831, 832 (Tex.Civ.App.—Texarkana 1928, no writ) is exceedingly appropriate as applied to the instant case, viz:

"A court in a proper case has a right to treat an ordinance by a city or town as void and to enjoin the enforcement there-

of, but it is without power to cancel such an ordinance. *Roby v. Com'rs*, 215 Ill. 200, 74 N.E. 125. In this case, if the ordinances were invalid so far as they purported to affect appellant's right, the fact might have furnished a sufficient ground for enjoining the issuance against him of the certificate covering a part of the cost of the paving, and for enjoining the issuance of the warrants provided for in the ordinances, but this suit was not for that kind of relief. His petition contained a prayer for general relief, but did not contain a prayer for relief by injunction. It is held that in the absence of such a prayer a plaintiff is not entitled to such relief. (Citing authorities.) The case being as stated, we are not called upon to determine the questions presented in appellant's brief as to the validity of the ordinances; for if we concluded they were invalid as claimed, we would not for that reason be authorized to reverse the judgment."

In connection with the foregoing see also *Simms v. City of Mt. Pleasant*, 12 S.W.2d 833 (Tex.Civ.App.—Texarkana 1928, writ dism'd); *Jones v. City of Uvalde*, 57 S.W.2d 1129 (Tex.Civ.App.—Beaumont 1933, writ dism'd); 40 Tex.Jur.2d (Rev. Part 1), p. 52, "Municipal Corporations", sec. 292, "Judicial review" (1959); 6 McQuillin, Municipal Corporations, p. 53, "Validity of Ordinances", sec. 20.20, "(Parties; those necessary and proper)—With respect to franchise and contract ordinances" (1969).

There was no error in the trial court's judgment which denied all relief to Burkburnett Communications. It had no right to declaratory judgment.

Judgment is affirmed.